UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL REED,<br><br>        Petitioner,<br><br>    v.<br><br>DANIEL PARAMO, Warden<br><br>        Respondent. | Case No. 1:17-cv-01347-AWI-MJS (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION**<br><br>**(ECF NO. 12)**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent Daniel Paramo, Warden of R.J. Donovan Correctional Facility, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented by Pamela B. Hooley of the Office of the California Attorney General.

**I.      Relevant Procedural History**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to the 2010 judgment of the Superior Court of California, County of San Diego. (ECF No. 12-2 at 4.) He is serving a term of life without the possibility of parole on a murder conviction. (Id.) In this proceeding, he challenges

1 | disciplinary proceedings that occurred while he was incarcerated at California State Prison, Corcoran. (ECF No. 1.)

More specifically, on January 20, 2016, Petitioner was charged in a CDCR Form 115 Rules Violation Report with Behavior Which Could Lead to Violence. (ECF No. 12-2 at 9.) It was alleged that, on January 18, 2016, during a cell search, Petitioner demanded that an officer return a bag that covered Petitioner's typewriter and, when the officer did not comply, Petitioner followed him and called him a "fucken bitch." (Id.)

The RVR was adjudicated on February 18, 2016. (Id. at 10.) Petitioner pled not guilty. (Id.) The hearing officer found Petitioner guilty of the charge but, in the interests of justice, dismissed the formal RVR and reported the misconduct as a Custodial Counseling Chrono on a CDCR Form 128A. Petitioner was counseled and reprimanded. He was not assessed a loss of credits, nor was a term of disciplinary segregation imposed.

Thereafter, Petitioner filed an administrative grievance, claiming that the RVR was "phony" and written in retaliation for Petitioner's prior grievances. Additionally, he alleged that he was denied an interpreter required under the ADA because he is hearing impaired, and also was denied various other procedural and substantive due process protections. (Id. at 14-18.) After exhausting his administrative remedies, he presented his claims to the California state courts by way of writs of habeas corpus, proceeding eventually to the California Supreme Court where his petition was summarily denied. (ECF Nos. 12-1 through 12-4.)

On October 6, 2017, Petitioner filed the instant petition challenging his disciplinary proceedings. (ECF No. 1.) On November 1, 2017, Respondent filed a motion to dismiss, arguing that the Court lacks habeas jurisdiction over the petition. (ECF No. 12.) On November 17, 2017, Petitioner filed an opposition. (ECF No. 13.) On November 20, 2017, Respondent filed a reply. (ECF No. 14.) The matter is submitted.

**II.     Jurisdiction**

Relief by way of a writ of habeas corpus extends to a prisoner under a judgment of a state court if the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). However, federal courts lack habeas jurisdiction over claims for constitutional violations that are not within the "core" of habeas corpus. Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645, 196 L. Ed. 2d 542 (2017). The core of habeas corpus includes only those claims that challenge the fact or duration of the conviction or sentence. Id. at 934. "[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus[.]" Skinner v. Switzer. 562 U.S. 521, 535 n.13 (2011) (citation and internal quotation marks omitted). Such claims must be brought, if at all, in a civil rights complaint. Nettles, 830 F.3d at 934.

With respect to disciplinary proceedings, the Ninth Circuit has concluded that the mere fact that a disciplinary decision may be considered as a factor in denying parole is insufficient to confer habeas jurisdiction on the court. Nettles, 830 F.3d at 934-35. Thus, a prisoner serving an indeterminate sentence, who will not directly benefit from the restoration of good time credits, may be foreclosed from seeking habeas relief in relation to disciplinary proceedings. See id. at 928-29.

Here, Petitioner did not lose any credits in relation to the disciplinary proceeding. Even if he had lost credits, he, like Nettles, would not directly benefit from the restoration of lost good time credits due to the nature of his sentence. Because there is no relief the Court could offer that would necessarily spell speedier release, the Court does not have habeas jurisdiction over Petitioner's claims. While Petitioner contends that the disciplinary decision has affected the potential for him to receive clemency or a commutation of his sentence (ECF No. 13.), the disciplinary decision is but one factor that will be considered in determining whether to grant these requests. In other words,

reversal of the disciplinary decision will not necessarily result in the grant of clemency or a commutation of Petitioner's sentence. Cf. id. at 935; Cal Penal Code § 4800, et seq. In this regard, his claim does not fall within the core of habeas corpus.

Based on the foregoing, the Court does not have habeas jurisdiction over the petition and the claims must be brought, if at all, in a § 1983 civil rights action.

**III.     Conversion to § 1983 Action**

In an appropriate case a habeas petition may be construed as a section 1983 complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the Wilwording case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. However, prisoners proceeding in forma pauperis in civil rights cases are required to pay the $350 filing fee by way of periodic deductions from the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Petitioner if the petition were construed as a civil rights complaint, the Court will recommend the case be dismissed without prejudice to Petitioner presenting the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, if he so chooses. Any such complaint will be assigned a separate civil number.

**IV.     Conclusion and Recommendations**

Based on the foregoing, it is HEREBY RECOMMENDED that:

    1.   Respondent's motion to dismiss be GRANTED, and

4

2. The petition for writ of habeas corpus be dismissed without prejudice for lack of jurisdiction.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: November 21, 2017        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE